JAMES ROARTY *vs.* GILMAN MITCHELL.

Under a power, in a mortgage of real estate, upon default of payment, to enter and take possession immediately, and sell the premises, a sale cannot be made without a previous entry and taking possession, or, at least, a demand for possession and a refusal.

THOMAS, J. This is a writ of entry. The declaration alleges a seisin in fee in the demandant. His title in fee depends upon the deed from Amos S. Reed and Amos N. Reed. That deed was made under the power of sale contained in the deed of mortgage from the tenant and his wife Mary to Amos Reed & Co. The fee of the land was in Mary, when the mortgage was made, held by the ordinary tenure, and not under the *St.* of 1845, *c.* 208.

How far, under the law of this commonwealth, a married woman has power to constitute an attorney to make sale of land.

in the mortgage of which she joins with her husband, we have not found it necessary to consider, as we are satisfied there has not been a compliance with the conditions of the power given, supposing it to be valid.

The deed of mortgage provides that, in default of payment, " the said Reed & Co. or assigns may enter and take possession of said premises immediately, and may sell and dispose of the same, on giving two weeks' notice thereof publicly." Now upon the agreed facts it appears that no possession was taken of, nor entry made upon the premises. Nor was any demand for possession or entry made. We think such entry and pos session, or, what perhaps would be equivalent, a demand for possession, and refusal, were conditions precedent, without which no valid sale could be made under the power of sale in the deed.

Whether the deed of the Reeds would be effectual to transfer their interest as mortgagees in the premises, we have not found it necessary to determine; there being no declaration of seisin in mortgage. Without this, the demandant could not rely upon a mortgage title. *St.* 1852, *c.* 312, § 2, *cl.* 10.

*Demandant nonsuit.*

*D. U. Johnson,* for the demandant.

*P. Simmons,* for the tenant.